19537

Pegge Lee GAINEY, a minor above the age of fourteen (14) years, by her guardian ad litem, Gayle Mattox, Appellant, v. Dennis Herbert TYNER, Respondent.

(193 S. E. (2d) 525)

*Messrs. Kilgo & Want,* of Darlington *for Appellant,* 

*Messrs. Willcox, Hardee, Palmer, O'Farrell, McLeod & Buyck,* of Florence, and *Saleeby, Saleeby & Herring,* and *Ernest L. Cook,* of Hartsville, *for Respondent,* 

December 12, 1972.

BRAILSFORD, Justice:

The sole question presented by this appeal is thus stated in plaintiff's (appellant) brief:

"Is it prejudicial error to permit the plaintiff (driver of her automobile involved in a two-car collision with defendant) to be asked the question if the three occupants of her car were represented by an attorney and made a claim against plaintiff alone and not against the defendant?"

The question arises on the following excerpt from the transcript of the trial, which resulted in a verdict for the defendant:

Cross-examination of plaintiff:

"Q. Mrs. Gainey. I would ask you whether or not your cousins Mickey and Udell Pye and Mr. Willie Boseman were represented by Mr. Ed Saleeby of Hartsville and made a claim only against you and not Dennis Tyner?

"Mr. Kilgo: Object on the grounds it is totally irrelevant and highly prejudicial.

"The Court: She may answer if she knows.
"A. I don't know.

"Q. Your answer is you don't know?
"A. No, sir."

Actually two of the named occupants of the automobile driven by plaintiff were her cousins and the third was her uncle. Plaintiff's fiancé, Robert Gainey, whom she married after the accident, was also an occupant of the car, and only he was called as a witness. Prior to the trial incident complained of, it had been established by cross-examination of this witness that, represented by a prominent local attorney, he had made a claim against his wife for personal injuries sustained in the collision and had made no claim against the driver of the other car, the present defendant. Counsel concedes the propriety of this line of examination because of its bearing on the credibility of the witness' trial testimony, which was favorable to plaintiff. However, he argues forcefully that, since the other occupants of the car did not testify, the question complained of served no such legitimate purpose and was highly prejudicial to his client's cause.

The failure of plaintiff to call as witnesses three relatives who occupied her automobile in the collision was certainly a relevant circumstance to be argued to the jury and considered by it in its deliberations. The cross-examination complained of tended to suggest a concrete rea-

son for the absence of these witnesses, and we are not prepared to say that the trial judge exceeded the broad discretion vested in him by allowing it. Cf. *Matthews v. Porter,* 239 S. C. 620, 633, 124 S. E. (2d) 321 (1962). In any event, the witness' response to the question was negative, and we do not agree with plaintiff's argument that the mere asking of the question resulted in prejudice. The essence of the assigned error is that the court permitted the question to be asked, which, of course, was done before there could be either an objection or a ruling thereon. We find no error, certainly none justifying reversal of the judgment appealed from.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.